## CLIFFORD PRATHER V. THE STATE.

No. 17037. Delivered Novmber 21, 1934.
Reported in 76 S. W. (2d) 138.

The opinion states the case.

*John Morrison,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

Appellant was charged with robbing one Grinder by means of an assault, it being alleged that by said means appellant took from Grinder the sum of twenty-two dollars in money. The undisputed facts establish that appellant and some others went to where Grinder was working at a beer garden, and appellant presented a pistol and compelled Grinder to deliver to him what money he had, amounting to two or three dollars. Appellant introduced no witnesses to dispute the State's testimony. We find three bills of exception in the record.

Bill of exceptions No. 2 complains of the refusal of the court to allow appellant's counsel to ask the prosecuting witness if he peddled whisky at said place of business. The question was clearly improper, but in any event it appears from the bill of exceptions that witness answered in the negative.

Bill of exceptions No. 3 complains of the refusal of the court to allow appellant's counsel to ask the prosecuting witness if it was not a fact that some boys had come out there and took a slot machine, and that he was advised by certain people to claim they took some money off of him in order that a valid indictment could be returned into court. The State objected to the question as being vague, indefinite, uncertain and too general, and named no person or time. We see no error in the action of the court in sustaining the objection.

Bill of exceptions No. 4 complains of the refusal of a special charge, the substance of which was that even though appellant did take the slot machine from the possession of Mr. Grinder, he could not be convicted unless the jury believed from the evidence that he also took other property. Appellant seems to proceed upon the assumption that the taking of a slot machine by robbery would constitute no offense. He also seems to overlook the fact that by the undisputed testimony in the record it is shown that appellant took money from Grinder at said time and place. There is no averment in the indictment that any slot machine was taken. The evidence makes out the State's case, and believing the matters complained of in the bills of exception to present no error, the judgment will be affirmed.

*Affirmed.*